COATINGS RESOURCE CORPORA-TION, a California Corporation, Plaintiff—Appellant,

v.

AKZO NOBEL COATINGS, INC., a Delaware Corporation, Defendant—Appellee.

No. 01–57162.

D.C. No. CV–00–00704–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided Feb. 13, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

### MEMORANDUM *

Coatings Resources Corporation appeals from the grant of summary judgment in favor of Akzo Nobel Coatings, Inc. The district court ruled that Akzo did not violate California statutory and common law when it successfully bid for an account with Travis Industries Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Regardless whether Akzo priced its product below cost as calculated in accordance with Cal. Bus. & Prof.Code §§ 17026, 17029, Coatings's cause of action under Cal. Bus. & Prof.Code § 17043 fails for lack of a triable issue of fact as to whether Akzo bid with the required purpose of injuring competitors or destroying competition. *See W. Union Fin. Servs. v. First Data Corp.,* 20 Cal.App.4th 1530, 25 Cal.Rptr.2d 341, 346 n. 10 (Ct.App.1993) ("We read [§ 17043] to require an injurious intent (a specific intent to injure or destroy) and not just an intent to divert customers from a competitor."). Nor can Coatings invoke the presumption of unlawful intent provided by Cal. Bus. & Prof. Code § 17071, because even if Akzo sold below cost, the evidence was undisputed that there was no injurious effect because any harm Coatings suffered was not the result of Akzo's pricing. Had Akzo not entered the bidding contest at all, Coatings would have lost the Travis account to Lilly Industries, Inc., which consistently underbid Coatings with prices that Coatings never challenged as below cost.

Coatings's second cause of action under Cal. Bus. & Prof.Code § 17200 fails because Coatings did not show that Akzo's

---

bidding had any injurious effect on competition as required by *Cel–Tech v. L.A. Cellular,* 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527, 544 (Cal.1999) (predatory pricing case defining "unfair" competition as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition").

■ Coatings's common law causes of action for interference with contractual relations and prospective economic advantage fail because Coatings did not present any evidence of the existence of a contract, *see Pacific Gas & Elec. Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 270 Cal. Rptr. 1, 791 P.2d 587, 589–90 (Cal.1990), or of wrongful conduct "other than the fact of the interference itself," *Della Penna v. Toyota Motor Sales,* 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740, 751 (Cal. 1995).

Akzo's request for sanctions is denied as improperly made to this Court. *See* Fed. R.App. P. 38; 28 U.S.C. § 1927.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.